THE JOHN H. McGOWAN COMPANY, A CORPORATION, *Plaintiff in Error,* v. F. A. INGALLS, *Defendant in Error.*

1. Where a court of equity having jurisdiction of the property of a corporation appoints a receiver of the property after the corporation is given due notice and an opportunity to be heard, the order appointing the receiver is not void even if erroneous.

2. A decree of a court of equity appointing a receiver to take charge of and operate a business and property within the jurisdiction of the court is not void because the owner of the property is a foreign corporation, or because no suit is pending to which the appointment of a receiver is ancillary, or because a winding up of the business is prayed for, or because mismanagement or fraud is not charged as the basis of the receivership.

3. A court of equity has power to authorize its receiver to purchase goods or to make contracts for the benefit of the property in the hands of the receiver, and in an action on a contract made by the receiver for machinery an allegation that the contract exceeded the authority given him to operate the property, a mining plant, in the usual course of business, is insufficient, where there is no allegation that the requisite authority to make the contract was not given.

4. A receiver is the agent of the court, and those who deal with him do so with reference to his powers and duties as receiver of which those dealing with a receiver should take notice.

Those who sell goods to a receiver as such do so upon the faith of the property or business of the receivership and with presumed knowledge of his powers and duties as receiver, and the receiver is not in general personally liable for bona fide purchases made by him as receiver within the scope of his authority when there is no express or reasonably implied personal assumption or promise and no deceit or fraud or undue advantage by the receiver.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Wall & McKay* for plaintiff in error;

*E. R. Gunby* for defendant in error.

WHITFIELD, C. J.—The John H. McGowan Company, a corporation, brought an action of assumpsit against F. A. Ingalls personally, the amended declaration being in four counts. In the first count it is in substance alleged that the Green Bay Phosphate Company, a corporation under the laws of the State of Maine, engaged in the mining of phosphate in the State of Florida, and owned and possessed certain real estate situated in Polk County, Florida, upon which was located its mining plant with other personal property used in the operation of said plant, together with a stock of general merchandise in the commissary department; that the defendant, F. A. Ingalls was appointed receiver of such property and business by the Circuit Court for Polk County sitting as a court of equity, and was by the order appointing him such receiver authorized to oper-

ate the plant of the said Phosphate Company in the usual course of business until the further order of the court; that "the said defendant under the pretended authority conferred upon him by the alleged order of the court aforesaid, did contract with the plaintiff for the construction and purchase of a tripple expansion direct acting plumbing engine" of a certain character, "and the defendant did then and there agree to pay for said engine with auxiliary fixtures the sum of $7,200.00; that "after the plaintiff had procured all material necessary for the construction of said engine, and the machine labor was practically completed, the defendant instructed the plaintiff to suspend work upon said engine, and has since said time neglected and refused to pay to the plaintiff any sum or sums of money whatever for said engine, or the work, labor and material furnished by the plaintiff at the request of the defendant, as aforesaid, and said plaintiff avers that it has always been ready and willing to comply with the terms of its said contract, and that it is now ready and willing to deliver the said machinery as above described to the defendant, but the defendant has refused to accept the said machinery by directing the plaintiff to suspend work on said machinery and advising the said plaintiff that he is unable to pay for same as provided for in said contract.

And the plaintiff avers that the court was without jurisdiction to appoint the said defendant receiver of the said Green Bay Phosphate Company, and to authorize him to operate the same, and that in the operation thereof and the purchase of betterments therefor, the defendant was acting in his individual capacity, although pretending to act as receiver, and thereby he became individually liable for all contracts made by him under the pretended authority hereinbefore mentioned, and also became liable individually to the plaintiff for such damages as the plaintiff

has suffered by reason of his failure to carry out the terms of his contract for the engine as aforesaid.

And the plaintiff claims damages against the defendant in the sum of Fifteen Thousand Dollars."

"Second. And for a further count, the plaintiff avers all the allegations of the next preceding count of this declaration, and by this reference makes each and every averment of said preceding count a part of this second count, and the plaintiff further avers that the contract for the construction and purchase of said engine by the defendant from the plaintiff was not in the usual course of business, as contemplated by the order of the court, authorizing the defendant to operate the plant of the Green Bay Phosphate Company in the usual course of business, but was for the purpose of making betterments to the plant of said Phosphate Company, which was not authorized by said order of the court; and the plaintiff further avers that the said defendant in thus making a contract for the construction and purchase of said engine, outside of and beyond the powers conferred upon him by the order of the court, rendering himself individually liable for the contract price of said engine; and the plaintiff further avers that the defendant by directing the suspension of work upon the construction of said engine and for neglect and refusal to pay to the plaintiff the contract price therefor, has become indebted to the plaintiff in said sum of Seventy-two Hundred Dollars.

And the plaintiff therefore brings suit and claims damages in the sum of Fifteen Thousand Dollars."

The third count contains similar allegations as to the appointment of the defendant as receiver and the authority given him, and alleges "that the defendant under the pretended authority conferred upon him by the alleged order of the court aforesaid, to operate the plant of the said Green Bay Phosphate Company in the usual course

of business, did purchase from the plaintiff    *    *    *
certain goods, wares and merchandise" of the total value
of $118.51 as shown by bills of particulars attached; "that
the court was without jurisdiction to appoint said defend-
ant receiver of the said Green Bay Phosphate Company,
and authorize him to operate the same, and that in the
operation thereof and the purchase of goods, wares and
merchandise, the defendant, by reason of said lack of juris-
diction was acting in his individual capacity, although
pretending to act as receiver, and thereby became individ-
ually liable for the puchases."

The fourth count refers to allegations of the third count
and alleges "that the purchase of said goods, wares and
merchandise by the defendant from the plaintiff was not
authorized by said order of the court, and in the purchase
of said goods, wares and merchandise, the defendant
became individually liable for the purchase price thereof,
yet he has failed and refused to pay said purchase price."
Damages in $15,000.00 are claimed in each count.    The
bill of particulars shows the goods were "sold to Green
Bay Phosphate Co., Bartow, Fla., F. A. Ingalls, Receiver."

The amended declaration was demurred to on the
ground "that it appears on the face of said declaration
that the defendant was appointed Receiver of the Green
Bay Phosphate Company by order of this court, and that
the plaintiff dealt with him as such Receiver, and not in
his individual capacity, and it does not appear upon the
face of said declaration that the plaintiff was not aware
that he was acting as receiver under order of court, nor
does it appear that it was not informed that he was act-
ing as such Receiver and did not deal with him as such
Receiver." The demurrer was sustained, and the plaintiff
not desiring to amend, final judgment for the defendant
was rendered. Writ of error was taken by the plaintiff,

who assigns as errors the sustaining of the demurrer and the entering of judgment for the defendant.

In support of the contention that the court could not wind up the affairs of the corporation, and that "in the absence of fraud or mismanagement on the part of officers of a corporation, * * * a court of equity has no power to appoint a receiver for the same, whether it be a foreign or a domestic corporation," the following authorities are cited: High on Receivers, § § 288 et seq.; Republican Mountain Silver Mine v. Brown, 58 Fed. Rep. 645, 24 L. R. A. 776.

These and other authorities cited by counsel use such general expressions as "a court of equity has no power to interpose its authority for the purpose of adjusting controversies that have arisen among the shareholders or directors of a corporation relative to the proper mode of conducting the corporation business." In such cases decrees are held to be erroneous, and they are not held to be null and void for want of judicial power to render them. The case of State ex rel. Merriam v. Ross, 122 Mo. 435, 25 S. W. Rep. 947, 23 L. R. A. 534, was controlled by statute, the court having limited jurisdiction. See Whitney v. Hanover Nat. Bank, 71 Miss. 1009, 15 South. Rep. 33, 23 L. R. A. 531; Supreme Sitting of the Order of Iron Hall v. Baker, 134 Ind. 293, 33 N. E. Rep. 1128, 20 L. R. A. 210 and notes.

Here the Circuit Court having full equity powers and jurisdiction of the property, the subject matter of the suit, had the judicial power to appoint a receiver on the bill of complaint, and the decree made on the bill appointing the receiver states that due notice was given to the defendant corporation and that upon an examination of the bill of complaint and the affidavits offered the receiver was appointed. He was authorized to take possession of the

property and to operate the mining plant, "in the usual course of business."

Even if error was committed in appointing the receiver or in the authority given to him, the decree is not utterly null and void, because the court had full equity powers, had jurisdiction of the property, the owner of the property had due notice of the proceeding and the decree was rendered after an examination of the bill of complaint and the evidence offered. As the decree appointing the receiver is not void, it cannot be collaterally attacked. See Hillsborough Grocery Co. v. Ingalls, filed herewith.

The contract and purchase upon which this action is brought are apparently within the authority given to the receiver, and the bare allegation of want of authority without facts to support the conclusion is insufficient. It was within the power of the court to authorize a contract for betterments, and it is not alleged that no such authority was given. The allegation is that the contract exceeded the authority given to operate the plant in the usual course of business.

There is no showing of an express or implied assumption of personal liability by the defendant, and no fraud or deceit or unfair dealing is alleged. On the contrary, the showing is of sales of goods to the receiver as such and the making of a contract with the receiver of a going concern requiring machinery, and not with the defendant in his personal capacity. See Bank of Virginia v. Domestic Sewing-Machine Co., 99 Va. 411, 39 S. E. Rep. 141.

A decree of a court of equity appointing a receiver to take charge of and operate a business and property within the jurisdiction of the court is not void because the owner of the property is a foreign corporation, or because no suit is pending to which the appointment of a receiver is ancillary, or because a winding up of the business is

prayed for, or because mismanagement or fraud is not charged as the basis of the receivership.

A receiver is the agent of the court, and those who deal with him do so with reference to his powers and duties as receiver of which those dealing with a receiver should take notice. Those who sell goods to a receiver as such do so upon the faith of the property or business of the receivership and with presumed knowledge of his powers and duties as receiver, and the receiver is not in general personally liable for bona fide purchases made by him as receiver within the scope of his authority when there is no express or reasonably implied personal assumption or promise and no deceit or fraud or undue advantage by the receiver. See Hillsborough Grocery Co. v. Ingalls, filed herewith; 2 Page on Contracts, § 998.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.