SOUTHERN COLONIZATION COMPANY, *Appellant*, v. J. J. PARTEN, *Appellee*.

Opinion Filed February 23, 1922.

Petition for Rehearing denied March 20, 1922

1. An ancillary receiver for a domestic corporation will be appointed upon application of a creditor where the courts in another state in which the corporation has been authorized to do business have in a proper case appointed a primary receiver of the corporation.

2. Under the full faith and credit clause of the Federal Constitution, Section 1, Article IV, the judicial proceedings in another state will be sufficient basis for an application in the home or domiciliary state of a corporation for an ancillary receiver when the jurisdiction of the court of the sister state has been shown to have attached.

3. The allegations of fact in a petition for an ancillary receiver of a corporation as to the proceedings in the courts of a sister state against the corporation are admitted by a demurrer to the petition.

An Appeal from the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Affirmed.

*J. T. G. Crawford* and *P. A. Vans Agnew* for Appellant.

*Cromwell Gibbons* for Appellee.

ELLIS, J.—The Southern Coloniaztion Company is a Florida corporation. It obtained authority under the laws of Minnesota to transact business in that State. It so managed its affairs there that it incurred many debts and failed or refused to pay them. J. J. Parten a judgment cred·· itor, a citizen of Minnesota and whose judgment against the corporation was obtained there, brought an action in that State against the corporation and certain stockholders who had not paid for their stock in full, for the appointment of a receiver with power and authority to collect and reduce to cash the "assets, property and effects of the stockholders and officers" of the corporation and to apply the same in the payment of the costs and expenses of the Receiver and the "claims of the plaintiff and all other creditors whose claims might be filed and allowed in such order and amounts as the court might thereafter determine." The action was begun in behalf of Parten and all other creditors of the corporation, many of whom were named as defendants, some of whom were alleged to have obtained judgments.

The corporation answered admitting that the plaintiff and one of the defendants held judgments against it. That it had offered to pay the latter, but he had refused to accept payment, and that the plaintiff's judgment was for an incorrect amount, but it paid into court the amount of the latter's judgment and asked that the amount claimed by the defendant to be due be paid to the plaintiff and the remainder held pending an application for the correction of the judgment. It averred that the corporation was

solvent, and denied that the stockholders named had not paid for the stock held by them in full.

The plaintiff moved for a judgment on the pleadings, and the court made an order directing that all the "property of the defendant of every kind and nature, all of the stock of the said defendant and the causes of action to enforce payment of any statutory or constitutional liability of the officers or stockholders of said defendant to its creditors within the state of Minnesota be sequestered," appointed a receiver of all of "said property, capital stock and causes of action," and vested him with power and authority to enforce payment of the stockholders' liabilities, to convert all the property into cash and deposit the same as such receiver in a certain bank named in the order. After filing its answer the corporation applied for leave to pay the judgment held by the plaintiff Parten. The application was argued concurrently with the application for a receiver and the court granted both applications, making the order referred to above. Upon appeal the Supreme Court of Minnesota affirmed the order.

Parten then commenced suit in Duval County, Florida, against the corporation for the appointment of an ancillary receiver of the defendant's property in Florida, with certain powers among which was to receive into his possession the corporation's properties and distribute it among its creditors under the direction of the court. The suit was brought in his own behalf and in behalf of all other persons having interests in the premises. The bill alleged that the complainant had acquired other claims against the corporation; set out the proceedings which were had in the Minnesota courts to which reference is above made; alleged that there were a number of other creditors, among whom were several who had obtained judgments against

the corporation when the proceedings in that State were taken; that the corporation owned lands in Florida; that it owes unsecured debts aggregating more than eighty thousand dollars, and alleges upon information and belief that the corporation has available insufficient funds to meet its obligations and that its assets are being rapidly diminished "without liquidation of its indebtedness."

The defendant corporation demurred to the amended and supplemental bills. It was urged upon the demurrer that an ancillary receiver of a domestic corporation will not be appointed by a court of the jurisdiction of the corporation's domicile as auxiliary to a primary receiver for such corporation appointed in a foreign state; that the proceedings in the State of Minnesota were not of such final or permanent nature as that they could be made the basis of proceedings in this State under the full faith and credit clause of the constitution of the United States, and that the bill was insufficient in its allegations to justify the appointment of a receiver for the corporation. The chancellor overruled the demurrer and granted the complainant's application for a receiver. It was ordered that the receiver be directly amenable to the authority of the court appointing him, and that from time to time he should make reports of his doings to the Primary Receiver in the State of Minnesota, under the directions of the court. From that order the corporation appealed.

The bases of the proceedings against the corporation in this State are the judicial proceedings against it in the State of Minnesota. The allegations of the bills aside from those relating to the proceedings in Minnesota are not sufficient to support a prayer for the appointment of a receiver. There are no allegations of fraud or deceit, the allegation of insolvency is made upon information and

belief; it is not alleged definitely that the value of the corporation's assets is insufficient to discharge its obligations; there is no allegation that the creditors have pursued their remedies at law without avail, nor is there any allegation of waste, mismanagement or dissipation of the corporation's assets.  See 1 Tardy's Smith on Receivers, §§306-308; 23 R. C. L. p. 21; 34 Cyc. 88; Cunningham v. Tucker, 14 Fla. 251.

The nature of the proceedings in the State of Minnesota as disclosed by the bill filed in this State, however, was such that the court might reasonably determine that the case was a proper one for the appointment of an ancillary receiver.  The cause was a worthy one, in which the court of this State was called upon for its aid.  It is unnecessary to discuss here the merits of the bill filed in Minnesota. The court there upon the showing made on the bill and answer deemed the case such a one as called for the exercise of its equity powers to preserve the assets of the corporation as a trust fund to be administered for the benefit of the corporation's creditors.  Aside from this the allegation is made that the court exercised the power under a statute of the State of Minnesota which expressly conferred upon the courts of the State such power under the circumstances named in the bill.

There may have been a time when the courts declined to appoint receivers for private corporations upon the suits of creditors,, because of the insufficiency of the courts' machinery for the management or conduct of business enterprises and the fear that such proceeding might indirectly bring about a dissolution of the corporation and practical annulment of its franchise which should be done only at the instigation of the State from which such franchise was obtained; but such considerations no longer

stand in the way of the administration of justice and equity as between a corporation and its creditors who in equity are the *cestues que trustent* of the assets of an insolvent corporation. Courts of equity before the enactment of statutes upon the subjects exercised the jurisdiction and as if to remove all doubt of the power in the premises the legislatures of many States have by statutory enactment expressly conferred the power upon its courts. See Holshouser Co. v. Gold Hill Copper Co., 138 N. C. 248, 50 S. E. Rep. 650, 70 L. R. A. 183; 1 Tardy's Smith on Receivers, §328; Low v. R. P. E. Pressed Metal Co., 91. Conn. 91, 99 Atl. Rep. 1; 23 R. C. L. p. 33; Palmer v. State of Texas, 212 U. S. 118, 53 L. Ed. 435, 29 Sup. Ct. Rep. 230; Culver Lumber & Mfg. Co. v. Culver, 81 Ark. 102, 99 S. W. Rep. 391.

The proceedings in the State of Minnesota were authorized under the statute referred to in the pleadings. Although the petition filed in that State fails to allege that the corporation owned any property there of which the receiver might take possession, it did allege that there were certain stockholders residing there who had not paid for their stock and also who were liable to the full face value of the same. Under the authority of the statute in a proceeding against the corporation such stock might be sequestrated and a receiver appointed to collect the amounts due for the benefit of creditors.

Whether the proceedings had in the State of Minnesota were of such character as that they are entitled to full faith and credit in the courts of this State, we think must be answered in the affirmative.

Under the proceedings begun in Minnesota the jurisdiction of the courts there attached and is exclusive so far as the properties, assets, stock, things in action and effects

of the corporation in that State are concerned. The court's jurisdiction over that property is complete and they may exercise that jurisdiction to the full administration of the corporation's effects in that State. See Wabash R. Co. v. Adelbert College of the Western Reserve University, 208 U. S. 38, 52 L. Ed. 379, 28 Sup. Ct. Rep. 182. In that case Mr. Justice Moody speaking for the court, said: ''Where a court of competent jurisdiction has by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts.''

The jurisdictional status of the Minnesota court is clearly shown by the pleadings. It is fully set out in the amended and supplemental bills and admitted by the demurrer. The full faith and credit clause of the Federal Constitution is subordinate only to the one dominant principle, that the jurisdiction of the court of the sister State must be shown to have attached.

Mr. Justice Field speaking for the Supreme Court of the United States in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, said in substance: The State has jurisdiction over property within its limits owned by non-residents and may therefore subject it to the payment of demands against them of its own citizens. The order of the Minnesota court named a Receiver of the ''defendant corporation, and of all of said property, capital stock and causes of action'' with authority to ''collect, bring and maintain action at law or in equity to enforce payment of any of said liability,'' referring to the liability of stockholders for the unpaid subscriptions for the capital stock of the corporation.

''Where a court exercising jurisdiction in equity appoints a receiver of all the properties of a corporation, the

court assumes the administration of the estate; the possession of the receiver is the possession of the court and the court itself holds and administers the estate through the receiver as its officer for the benefit of those whom the court shall ultimately adjudge to be entitled to it.'' See Wiswall v. Sampson, 14 How. (U. S.) 52; Booth v. Clark, 17 How. (U. S.) 322.

To the extent of the receiver's powers and the ability of the court in Minnesota to make its order effective, the proceedings are of such character as require the courts of other States to give full faith and credit thereto, under Section 1 of Article IV of the Constitution of the United States. As to the judicial proceedings in the State of Minnesota, they were shown in the pleadings to exist by allegations of fact just as the existence of any other fact is alleged. The demurrer admitted the allegations of fact that such proceedings were had. If they do not exist the matter is subject to the denial of the defendant.

The order of the Chancellor is affirmed.

TAYLOR AND WHITFIELD AND WEST, J. J., concur.

BROWNE, C. J., not participating.