BAYVIEW HOMES COMPANY, a corporation, and FREDERICK VAN ROY, *Plaintiffs in Error*, vs. FRANK D. SANDERS, as Receiver of Citrus County Bond Fund Securities, *Defendant in Error.*

136 So. 234.

Division A.

Opinion filed July 21, 1931.

Petition for rehearing denied September 19, 1931.

*Hampton & Greene,* for Plaintiffs in Error;

*Scofield & Scofield,* for Defendant in Error.

BUFORD, C.J.—In this case defendant in error sued the plaintiff in error on a note payable to the Bank of Crystal River in the sum of $700.00 dated January 25, 1929, and due thirty days after date.

It was alleged in the declaration that the note was assigned and transferred to the Trustees for county bonds in and for Citrus County, Florida, and held by the bond trustees to secure moneys on deposit to their credit in the Bank of Crystal River; that on June 10th, 1929, the Bank of Crystal River was declared insolvent and placed in the hands of the Comptroller and that W. B. Moon was appointed as Receiver for the Bank of Crystal River. It was further alleged that on January 27th, 1930, in a cer-

tain case then pending the plaintiff Sanders was appointed Receiver in that cause in which W. V. Knott, State Treasurer, and others were complainants and G. I. Singelton and others were defendants; that Sander's qualified as such Receiver; that he was designated Receiver of Citrus County Bonds Fund Securities and that by order of court he was duly authorized to collect the note sued on with other notes and was authorized and directed to file all suits that might be necessary for that purpose and that it became necessary for him to file this suit and that the note sued on had been duly transferred and assigned by W. B. Moon as Receiver of the Bank of Crystal River and by the Trustees of County Bonds and that the plaintiff "is now owner and holder of the note."

There was a demurrer to the declaration. The demurrer was overruled. The defendant then filed a plea which was in the words and figures as follows, to-wit:

"That this Honorable Court has no jurisdiction in this cause nor right to hear, try and determine this action, because defendants say that the Citrus County Bond Funds Securities for which the plaintiff purports to act as Receiver, is not and was not at the time of the commencement of this action, a person or corporation, and that said Citrus County Bond Funds Securities had no legal existence whatsoever, being neither a person nor a corporation. Wherefore, defendants say that the said Citrus County Bond Funds Securities has not the right to maintain this action, and that therefore, the plaintiff herein, who purports to act as Receiver for it, has no other or further rights than said Citrus County Bond Funds Securities which has no legal existence as hereinabove set forth."

Demurrer to the plea was sustained. There was a motion to strike which was also allowed. The defendant having announced that he did not desire to plead further, it was ordered that upon presentation of evidence before the Court, final judgment should be entered in favor of the plaintiff. Upon proof being submitted, final judg-

ment was entered against the defendant in favor of the plaintiff.

Writ of error was taken.

It is a well settled rule that the court may take judicial notice of its rulings, judgments and decrees. It was proper for the circuit court to take judicial cognizance of its order appointing Sanders Receiver.

The power to appoint a Receiver is one inherent in a court of equity. Armour Fertilizer Works vs. First National Bank of Brooksville, 87 Fla. 436, 100 Sou. 362.

The plea utterly failed to show that the order appointing the Receiver was void. It also failed to show that the order authorizing the Receiver to institute and maintain the suit was void. Unless such order was void, its validity could only be reviewed on appeal and cannot be attacked collaterally as is here apparently attempted.

No reversible error being made to appear, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.