PER CURIAM.
The plaintiff insurance agencies sought injunctive and other relief for the alleged unauthorized withdrawal of corporate funds from corporate accounts by their president, McLeod. McLeod answered and counterclaimed, alleging misconduct by the vice-president, Ryan. National Indemnity Company was then allowed to intervene as an insurer to whom monies collected for premiums were owed under a trust agreement. Subsequently, upon application by McLeod, the chancellor entered orders appointing a temporary receiver for the plaintiff agencies, who now take these interlocutory appeals which have been consolidated for appellate purposes.
The questions raised by this appeal pertain to the propriety of the chancellor’s orders appointing a temporary receiver and whether an indemnity bond should have been required of the applicant to protect the other parties from possible loss by reason of his improperly procuring the appointment of a receiver. Appellants contend that the orders should be reversed because the issues raised by the pleadings and evidence adduced thereon fail to meet the requirements for the appointment of a temporary receiver set forth by Section 608.28, Florida Statutes, F.S.A
We affirm in part and reverse and remand in part. In short, we affirm the appointment of the receiver but reverse and remand so that an indemnity bond will be posted.
The power to appoint a receiver is inherent in equity jurisdiction and its exercise lies in the sound discretion of the chancellor to be granted or withheld according to the facts and circumstances of the particular case. Dixie Music Co. v. Pike, 135 Fla. 671, 185 So. 441 (1938); Welch v. Gray Moss Bondholders Corpo *18 ration, 128 Fla. 722, 175 So. 529 (1937); Bayview Homes Co. v. Sanders, 102 Fla. 516, 136 So. 234 (1931) ; Armour Fertilizer Works v. First Nat. Bank of Brooksville, 87 Fla. 436, 100 So. 362 (1924).
Generally, a temporary receiver is appointed only to preserve the property and to protect the rights of all parties therein. M. H. McCarthy & Co. v. Central Lumber & Coal Co., 204 Iowa 207, 215 N.W. 250, 54 A.L.R. 1116 (1927).
It is conceded that there was disharmony between the corporations’ two equal stockholders ; that these two fifty per cent ■stockholders were deadlocked over the operation of their insurance agency business, arid'that they could not agree on the election of a board of directors. McLeod alleged that the other stockholder, Ryan, had drawn $90,000 more from the business than he, and that certain persons were also receiving unearned salaries from the business.
That the requirements of Sections 608.28 or 608.29, Florida Statutes, F.S.A., may not have been strictly complied with, We think is not fatal to the propriety to the appointment. The rule to be followed under these circumstances was set forth by the Supreme Court in John H. McGowan Co. v. Ingalls, 1910, 60 Fla. 116, 53 So. 932, where it was held that “[w]here a court of equity having'jurisdiction of the property of a corporation appoints a receiver of the property after the corporation is given due notice and an opportunity to be heard, the order appointing the receiver is not void, even if erroneous.”
The application for a receiver and temporary injunction here is similar to that sought in Belk’s Department Store, Miami, Inc. v. Scherman, Fla.App.1960, 117 So.2d 845, wherein it was said:
‡
“When a person’s conduct is restrained, or his business or property handed over to a receiver, the protection which such bonds afford should .not be lightly dispensed with, but should be zealously guarded and uniformly enforced by the courts. Such orders for injunction and receivership may have serious and far reaching effects on a person’s liberty of action and his property or business. The party who initiates such drastic writs and processes should be made to place himself in a position of accountability at least to the extent that the law specifies, to recompense his adversary for losses sustained, if it should be concluded ultimately that his action which brought it about was irregularly or improvidently invoked, or his cause without merit.”
* * *
The interlocutory orders appealed are affirmed in part and reversed in part, with directions that upon remand the ap-pellee, McLeod, shall be required to give a bond with good and sufficient surety to indemnify the appellants for any loss they have sustained or may sustain by reason of his improperly procuring the restraining orders and/or appointment of a receiver if it should finally be determined that said orders were improperly entered.
It is so ordered.