HENDRY, Judge.
The appellant has appealed from the trial court’s granting of the appellees’ motion to dismiss the second amended complaint. The order of dismissal was entered with prejudice.
*95 The two defendants below, appellees here, were involved in, a foreclosure and bankruptcy action filed in United States District Court early in 1967. As a result of that action, the Federal District Court entered its Order Appointing Receiver, stating therein that it was “ * * * of the opinion that a receiver is necessary in order to protect the real and personal property [i. e., the Harbor Tower Apartments] which is the subject matter of this foreclosure action in order to conserve the rents, issues, earnings and profits from the improvements located upon said real property * * * and that a receiver should be appointed to take charge and operate the business and affairs of the defendant, Harbor Tower Development Corporation * * * ”. Thus, appellee, Harbor Towers Development Corporation, went into receivership so that its assets would be substantially protected for the benefit of the mortgagee (appellee here), Trustees of the Central States Southeast and Southwest Pension Fund.
Thereafter, on February 7, 1967, the appellant entered into some form of agreement with the receiver in which the parties attempted to arrange for the leasing of space necessary for the operation of laundry equipment owned by appellant, American Automatic Company, Inc. Some laundry equipment was subsequently placed on the premises of Harbor Towers Apartments, operated there, and payment was made to the receiver in return for the rental of space until April 9, 1968. On the above date, the electricity was cut off, rendering the equipment inoperable; in addition, about one month later, the laundry equipment was removed from the premises at the order of the receiver himself or Central States Southeast and Southwest Pension Fund.
In its second amended complaint, the appellant prayed for specific performance and damages, predicating its cause of action upon breach of contract. The order granting the appellees’ motion to dismiss cited no specific grounds; however, we find the most persuasive argument which was offered by the appellees in the trial court and also here on appeal to be contained in their Point Number V On Appeal: “The appellant has failed to allege sufficient authority of the receiver to execute a binding contract;”
It is well settled that a court-appointed receiver has no implied power to contract or authority to enter into contracts or maintain existing contracts unless such authority is specifically approved by the appointing court. 45 Am.Jur. Receivers § 224. In 75 C.J.S. Receivers § 174 (c) it is stated:
“So well settled is the rule that a receiver has no authority to deal with or expend the trust property without the authorization or approval of the court, as considered supra, subdivision b of this section, that all persons dealing with a receiver are bound to take notice of the extent of, and the limitations on, his authority, and so deal with him at their peril with respect to the liability of the trust estate.”
See also John H. McGowan Co. v. Ingalls, 60 Fla. 116, 53 So. 932.
In this instance, when the receiver took over the operations of the Harbor Towers Development Corporation, absent a specific order from the court the receiver was not bound to the agreement (if any did indeed exist) with the appellant.
However, only the receiver himself was party to the agreement and appellant’s Second Amended Complaint, Count Two, requests compensatory and punitive damages, presumedly based on trespass to property, arising out of the removal of the machines from the premises.
There appears the possibility that the appellant could amend its complaint to state a cause of action in trespass to recover for such damages from those owing a duty of care to the machinery at the time of eviction. Moreover, since such a *96 cause of action need not depend on the validity of the contract sued upon, the court erred by dismissing with prejudice. Eg., Star Fruit Co. v. Eagle Lake Growers, 1948, 160 Fla. 130, 33 So.2d 858, 860; 87 C.J.S. Trespass § 4.
Therefore, the order being appealed is hereby reversed and the cause is remanded with directions to the court to allow the plaintiff to amend.