616 So.2d 69 (1993)
Patricia ELORTEGUI, Appellant,
v.
Antonio ELORTEGUI, Appellee.
No. 92-2040.
District Court of Appeal of Florida, Third District.
March 9, 1993.
Regina F. Zelonker, Coral Gables, for appellant.
Robert H. Cooper, Miami, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Patricia Elortegui (wife), appeals a final summary judgment in favor of appellee, Antonio Elortegui (husband). We reverse.
In 1990, wife and husband divorced in Alabama. Part of the Alabama divorce *70 decree provided for child support as follows:
... Defendant's [Husband's] responsibility for child support for the minor child, Patricia Oddette, shall continue beyond her nineteenth (19th) birthday provided she is then enrolled in a college seeking an undergraduate degree, and such support shall continue thereafter until she obtains a four year degree.
Neither this provision, nor any other provision of the Alabama divorce decree, was appealed in Alabama.
After the divorce, both husband and wife separately moved to Florida. Currently, their child Patricia is of majority age and enrolled as an undergraduate in college.
Wife sought enforcement of the child support provision in Florida. Husband moved for summary judgment. The trial court mistakingly believed that because Florida courts do not award child support to an adult child, it should not enforce the Alabama judgment. Consequently, the trial court granted husband's motion for summary judgment.
Wife asserts that Florida courts must give full faith and credit to the entire Alabama divorce decree. Husband contends that this provision of the Alabama divorce decree violates the equal protection clause of the United States and the Florida Constitutions, and Florida courts cannot enforce a constitutionally infirm judgment.
In Workingmen's Co-Operative Bank v. Wallace, 151 Fla. 329, 9 So.2d 731 (1942), our highest state court explicated:
... with complete jurisdiction of the subject matter and parties, a judgment must, under the paramount law of the land, be accorded the same faith and credit in every court in the United States as it has been by the law and usage of the courts in the State where it was originally rendered, and that is true, although the judgment is based on a cause of action which could not be lawfully enforced in the State in which enforcement of the judgment is sought. Art. 4, § 1, U.S. Constitution.
This appellate court in Gonzalez-Goenaga v. Gonzalez, 426 So.2d 1106 (Fla. 3d DCA 1983), decided:
The mere fact that the father has moved to this jurisdiction which requires support only to age eighteen will not defeat his obligation required under the law of the foreign jurisdiction which is now being enforced in Florida.
We note that husband did not appeal his Alabama divorce decree in Alabama. However, Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), sanctions child support for a child's post-minority education.
The United States Constitution, Article IV, Section 1, States:
Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
The first case that relied on full faith and credit in requiring a state to fully enforce the judgment of a sister state is Mills v. Duryee, 11 U.S. (7 Cranch) 481, 3 L.Ed. 411 (U.S.Dist.Col., 1813). Subsequent United States Supreme Court cases have stated:
This rule is applicable where a judgment in one state is based upon a cause of action which arose in the state in which it is sought to be enforced, as well as in other cases; and the judgment, if valid where rendered, must be enforced in such other state, although repugnant to its own statutes.
Roche v. McDonald, 275 U.S. 449, 452, 48 S.Ct. 142, 143, 72 L.Ed. 365, 368 (1928).
The wife, and others similarly situated, would find themselves in dire straits if litigants were permitted to avoid valid judgments simply by moving to another state. Thus, because there would be constant friction between different states' laws, full faith and credit provides the heavy fuel for the machinery of the nation's judicial system to run coolly and efficiently.
In Magnolia Petroleum Company v. Hunt, 320 U.S. 430, 439, 64 S.Ct. 208, 214, *71 88 L.Ed. 149, 155 (1943), the United States Supreme Court stated:
The full faith and credit clause like the commerce clause thus became a nationally unifying force.
Therefore, based upon full faith and credit, the trial court is directed to enforce the Alabama judgment and concomitant child support provision, as though the trial court had entered the judgment itself.
Reversed and remanded with directions.