BROCK, N.D., Associate Judge.
The question presented in this appeal[1] is whether the trial court erred in denying an insolvent insurer’s motion to have a stipulated dismissal set aside on the ground that the insolvent’s order of receivership prevented the filing of the stipulation without the approval of the receivership court. We vacate the order denying the motion.
This appeal involves an insolvent insurer and one of its re-insurers. On May 5, 1989, the appellant, Florida Independent Automobile Dealers Association Health and Welfare Benefit Plan (FIADA) filed a claim against appellee, Fidelity Security Life Insurance Co. (Fidelity) in the circuit court of St. Johns County (the trial court). Fidelity answered and counter-claimed. On October 8,1989 the circuit court of Leon County (the receivership court) entered an Amended Order of Liquidation, Injunction and Notice of Automatic Stay (order of receivership) pursuant to a petition by the Florida Department of Insurance for an order of liquidation of FIA-DA. In this order, the court directed the receiver of FIADA to “take immediate possession of all the property, assets and estate and all other property” of FIADA “pursuant to section 631.111 and section 631.141, Florida Statutes, including but not limited to ... [FIADA’s] rights of action.” The receiver was also ordered in paragraph 5 to “[n]ot defend legal actions wherein [FIADA] or the receiver is a party defendant, commenced either prior to or subsequent to this order, without authorization of this court....” The order further imposed an automatic stay, applicable to all persons and entities other than the receiver. The stay specifically prohibited the commencement or continuation of any judicial action or proceeding against FI-ADA or its assets. The stay prohibited any action to collect, assess or recover a claim against FIADA except claims as provided in Chapter 631. The stay also specifically prohibited set off or offset of any debt owing to FIADA except offsets as provided in section 631.281, Florida Statutes.
On May 15,1990 Fidelity signed a notice of dismissal of its counterclaim against FIADA. The notice stated that Fidelity “pursuant to Fla.R.Civ.P. 1.420 and the stipulation entered into among Fidelity ... [FIADA] and the State of Florida, Department of Insurance, as receiver for FIADA and individually, a copy of which is attached hereto as Exhibit A, files this notice dismissing its counterclaim against FIADA.” In the undated stipulation Fidelity agreed not to file any claims against FIADA as to any matters set forth in Fidelity’s counterclaim against FIADA and FIA-DA agreed it would not pursue any claim against Fidelity.
Over two years later, on June 8, 1992, FIADA filed in the trial court a motion to vacate the “stipulation which resulted in the dismissal of the cause of action filed on behalf of FIADA.” The motion asserted that, subsequent to entering into the stipulation, FIADA’s receiver found that its previous factual determination as to claims was in error. The motion additionally alleged that FIADA’s order of receivership prohibited the filing of the joint stipulation of dismissal without the approval of the receivership court. Because this approval was not granted, the motion asserts, the joint stipulation for dismissal was void ab initio.
On August 18,1992, the trial court entered an order finding that no dismissal had ever been entered on the stipulation entered into between Fidelity and FIADA. Further, the court held that it was without jurisdiction to rule on FIADA’s motion to vacate the stipulation. The court therefore refused to rule on the matter. The receivership court, on October 28, 1992, then entered an order noting the trial court’s finding that the latter *39 was without jurisdiction. The receivership court found that it was in the best interests of the assets of FIADA to have FIADA’s motion “ratified and confirmed.” The court then ratified and confirmed the motion and modified the stay to authorize the continued prosecution of the abated proceeding in the trial court.
The matter then proceeded back to the trial court where on March 16, 1993, FIA-DA’s motion to vacate the stipulation was denied. In its order denying the motion, the trial court found, inter alia:
e. that the amended order [of receivership] requires the receiver to obtain court authorization only to not defend legal action when the respondent or receiver is a party defendant but does not require court authorization for dismissal of a legal action; and
f. that the joint stipulation was based on erroneous information but this erroneous information was not the product of any fraud, overreaching, misrepresentation or withholding of facts by Fidelity and that as the receiver of FIADA, the Department of Insurance had access to the correct information prior to entering into the written stipulation of dismissal.
The trial court correctly concluded that FIADA could not obtain relief from the stipulation because of its reliance on erroneous information. The trial court erred, however, in assuming that the parties’ stipulation of dismissal was ever effective. The stipulation did not effectively dismiss the suit because a notice of dismissal of a counterclaim requires an order from the trial court to dismiss the action. Siler v. Lumbermens Mut. Cas. Co., 420 So.2d 357 (Fla. 5th DCA 1982), rev. denied, 430 So.2d 450 (Fla.1983). In addition, the stipulation was ineffective because, as FIADA asserted in its motion to vacate, the stipulation was never approved by the receivership court. In the order of receivership the receiver was ordered to “[n]ot defend legal actions wherein [FIADA] or the receiver is a party defendant, commenced either prior to or subsequent to this order, without authorization of this court.” The legal action against FIADA was Fidelity’s counterclaim. FIADA, by agreeing to dismiss its action against Fidelity in exchange for Fidelity dropping its counterclaim against FIADA was in part defending a legal action. Because the receivership court did not authorize the receiver to defend Fidelity’s claim, FIADA did not become bound by the stipulation. American Automatic Co. v. Harbour Towers Dev. Corp., 227 So.2d 94, 95 (Fla. 3d DCA 1969) (persons dealing with a receiver are put on notice as to the extent and limitation of that receiver’s power and must deal with him at their peril with respect to the liability of the trust estate).
The trial court’s order denying the motion to vacate the joint stipulation is vacated and the cause is remanded to the trial court for further proceedings consistent with this opinion and the orders of the receivership court.
ORDER VACATED; CAUSE REMANDED.
HARRIS, C.J., and DIAMANTIS, J., concur.

. This court has jurisdiction pursuant to Rule 9.130(a)(5), Florida Rules of Appellate Procedure.