KLEIN, Judge.
The marriage of the parties to this appeal was dissolved by a New York court in 1988. The judgment directed the sale of their Florida condominium, ordering that the net proceeds be equally divided, after payment of the mortgage, costs, and attorney’s fees incidental to the sale. After the sale of the property, the husband petitioned to have the New York decree established as a Florida order. The trial court denied the petition but ordered the transfer of the proceeds to New York.
Appellant argues that her one-half of the condominium became her homestead in 1991; that the New York court had no jurisdiction to order the sale of the property; and that by virtue of her homestead exemption, her one-half interest is not subject to the mortgage or expenses of the sale. Relying on Sammons v. Sammons, 479 So.2d 223 (Fla. 3d DCA 1985), she argues that the New York judgment dissolving the marriage is not entitled to full faith and credit because it purports to be an in rem judgment directly affecting realty in another state.
We agree with appellant that the New York court did not have jurisdiction to order the sale of the Florida property. Sam-mons and cases cited therein. That is not the issue here. The question is whether appellant should be able to challenge the New York court’s decision as to how much she should receive out of the proceeds of a sale which has already occurred.
In the present case, the appellant seeks to avoid the New York court’s allocation of marital assets by moving to Florida and claiming homestead. We see no good reason why she should be allowed to do so, and several reasons why she should not. In addition to being contrary to full faith and credit (or res judicata) [1], it could skew the foreign court’s fair division of marital property. Also, our courts are burdened enough with the marital litigation of Florida residents, and should not have to relitigate the claims of dissatisfied or vexatious spouses from other states regarding the proceeds from the second home, condominium, or timeshare in Florida. Nor should a former spouse be able to avoid a provision of a judgment by simply moving to another state. Elortegui v. Elortegui, 616 So.2d 69 (Fla. 3d DCA 1993). We therefore affirm.
DELL and FARMER, JJ., concur.

. At least one other state, while recognizing that ’ one state cannot directly affect the title to realty in another state, has given recognition to other provisions of foreign dissolution judgments per-taming to the realty under principles of collateral estoppel, Cuevas v. Cuevas, 191 So.2d 843 (Miss.1966).