790 So.2d 574 (2001)
Robert T. FARLEY, Jr., Appellant,
v.
Barbara Jean FARLEY, Appellee.
No. 4D00-4247.
District Court of Appeal of Florida, Fourth District.
July 25, 2001.
Charles J. Bennardini, West Palm Beach, and Benjamin R. Alvarez, Miami of Tew, Cardenas, Rebak, Kellogg, Lehman, DeMaria and Tague, LLP, for appellant.
John M. Koenig, Jr. of Bakst, Bakst and Koenig, P.A., West Palm Beach, for appellee.
PER CURIAM.
We reverse a non-final order appointing an Ohio receiver as an ancillary receiver to list and contract for sale, to convey, and to divide the proceeds of real property located in Florida pursuant to the Farleys' Ohio divorce decree.
The Ohio decree, among other things, ordered that the parties' real property in Florida be sold and that the proceeds be equitably divided by the parties.
Sometime thereafter, on the wife's motion, the Ohio court appointed the receiver. The Ohio order appointing the Ohio receiver was apparently approved by the husband. The Ohio receiver filed this action for appointment as the ancillary receiver, explaining that he had been appointed as receiver by the Ohio court.
The husband's motion to dismiss the receiver's complaint to open the ancillary proceeding, and his opposition to the appointment of the Ohio receiver in this state, was denied. An order of a court appointing a receiver is reviewable on appeal as a non-final order where the issue is the right to immediate possession of property. See Bayview Homes Co. v. Sanders, 102 Fla. 516, 136 So. 234 (1931).
*575 Applying principles of comity, Florida courts generally recognize a foreign receiver's standing to bring an action in this state. See S. Colonization Co. v. Parten, 83 Fla. 300, 91 So. 263 (1922); Metro. Inv. Corp. v. Buchler, 575 So.2d 262 (Fla. 3d DCA 1991); Belle Island Inv. Co. v. Feingold, 453 So.2d 1143 (Fla. 3d DCA 1984).
In this instance, however, granting this relief to the foreign receiver effectively causes a de facto partition of the Florida property by utilizing a sale by receiver in lieu of a partition proceeding. The Ohio decree orders that "the real estate shall be sold and the net equity, after costs of sale, and any required remediation costs shall be divided equally." Such a provision is not automatically entitled to full faith and credit as its enforcement requires the application of in rem jurisdiction. See Sammons v. Sammons, 479 So.2d 223, 225 (Fla. 3d DCA 1985).
In Sammons, the former wife sought to enforce a Colorado dissolution of marriage judgment against her former husband. The foreign judgment ordered the equal division of proceeds from the sale of four pieces of Florida real estate. See id. at 224. The Sammons court found that, "[o]n the merits, the Colorado decree was not entitled to full faith and credit and its consequent enforcement because it constituted an in rem judgment, directly affecting the title to realty in another state, and was to that extent therefore entered without jurisdiction." Id. at 225. We can discern no basis for failing to apply the Sammons reasoning here.[1]See also Wentworthe v. Cusumano, 689 So.2d 1167 (Fla. 4th DCA 1997)(citing Sammons and agreeing that the New York court did not have jurisdiction to order the sale of the Florida property).
POLEN, C.J., STONE and WARNER, JJ., concur.
NOTES
[1] We note that, as to the receiver/sale issue, the Ohio decree does not purport to act in personam, as an order directing one spouse to convey his or her interest in property to the other. Such an order by an out of state court having personal jurisdiction would be entitled to full faith and credit. See Gardiner v. Gardiner, 705 So.2d 1018 (Fla. 5th DCA 1998); Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986); Sammons.