THE CITY OF SANFORD, A MUNICIPAL CORPORATION, J. D. DAVISON, MAYOR OF SAID CITY, B. W. HERNDON, F. L. MILLER, D. G. MONROE, C. H. DINGEE, JOHN ADAMS AND W. ABERNATHY, CONSTITUTING THE CITY COUNCIL OF SAID CITY, AND R. C. MAXWELL, *Plaintiffs in Error,* v. THE STATE OF FLORIDA *ex rel.* A. A. PRESTON, TREASURER AND ASSESSOR OF THE CITY OF SANFORD, *Defendant in Error.*

Opinion Filed January 25, 1917.

QUO WARRANTO, AND NOT MANDAMUS, IS PROPER REMEDY TO DETERMINE DISPUTED QUESTION OF TITLE TO OFFICE.

It is well settled both in England and America that "when an office is already filled by an actual incumbent, exercising the functions of the office *de facto* and under color of right, mandamus will not lie to compel the admission of another claimant, or to determine the disputed question of title. In all such cases the party' aggrieved, who seeks an adjudication upon his alleged title and right of possession to the office, will be left to assert his rights by the aid of an information in the nature of a *quo warranto,* which is the only efficacious and specific remedy to determine the questions in dispute."

Writ of Error to Circuit Court for Seminole County, J. W. Perkins, Judge

Judgment reversed.

*Thomas E. Wilson,* for Plaintiffs in Error;

*Dickinson & Dickinson,* for Defendant in Error.

*Taylor J.*—The defendant in error as relator instituted mandamus proceedings in the Circuit Court of Sem-

inole County against the Mayor and City Council of the City of Sanford and against R. C. Maxwell, alleging in his alternative writ that he was the lawful Treasurer and Assessor of said City, and that the Mayor of said city had unlawfully appointed the respondent R. C. Maxwell in his stead as such Treasurer and Assessor, and that said city council had unlawfully. confirmed said appointment, and that the said respondents had wrongfully and unlawfully and forcibly ousted him from his said office, and wrongfully and unlawfully and during his absence therefrom forcibly broken into his office and taken possession of all of his records, books and papers and the iron safe with the public moneys in his possession as such Treasurer and Assessor and turned them over to said respondent Maxwell, and that said city council arbitrarily and wrongfully refused and neglected to fix the amount of the bond to be given by him as such Treasurer and Assessor.

The alternative writ not only requires of the respondents the return to said relator of all of the books, records, papers, moneys and other things belonging to said Treasurer and Assessor's office, including the iron safe, and to fix the amount of the bond to be given by him as such Treasurer and Assessor, but also further requires them to restore unto the said relator the office of Treasurer and Assessor of the City of Sanford, with its rights, privileges, duties and emoluments.

The respondents made a full return to the alternative writ in which they alleged in substance that the former term of office of the relator had expired and that the Mayor and City Council had appointed the respondent Maxwell in his stead and that Maxwell had duly qualified by giving bond, etc.

To this return the relator demurred, and after argument the court below sustained the demurrer and granted

a peremptory writ, that, following the alternative writ, adjudicates that the relator is entitled to the office and commands that respondents do restore him to his said office, etc. For review of this judgment the respondents have brought the case here for review by writ of error.

It is well settled both in England and America that "when an office is already filled by an actual incumbent, exercising the functions of the office *de facto* and under color of right, mandamus will not lie to compel the admission of another claimant, or to determine the disputed question of title. In all such cases the party aggrieved, who seeks an adjudication upon his alleged title and right of possession to the office, will be left to assert his rights by the aid of an information in the nature of a *quo warranto*, which is the only efficacious and specific remedy to determine the questions in dispute." High's Extraordinary Legal Remedies (3rd ed.) Sec. 49, and citations; Heard's Shortt on Informations, Mandamus & Prohibition, *290, *et seq.* and citations; 2 Dill. Mun. Corp. (3rd ed.) Sec. 892 and citations.

For the reasons stated the court below erred in adjudicating the title to the office and the right to the possession thereof as between these conflicting claimants thereto in this proceeding by mandamus, as *quo warranto* was the only proper and specific remedy to test the title and right of possession to such offiice as between the two rival claimants thereto.

The judgment of the court below is hereby reversed at the cost of the defendant in error.

BROWNE, C. J. and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.