*Ex Parte*: I. W. SMITH.

Division B.

Opinion filed October 16, 1928.

*G. L. Reeves, John B. Sutton* and *W. J. Oven* for the Petitioner.

*Herbert S. Phillips, W. Kenneth Barnes* and *George W. Dayton* for the Respondent.

Terrell, J.—This case is grounded on the following facts: Mattie L. Mobley was declared to have been nominated for the office of tax collector by the Democratic electors of Pasco county in the primary election held June 5, 1928. On June 27, 1928, petitionee, I. W. Smith, by regular legal proceedings secured a recount of the vote cast in certain precincts of Pasco county in said primary election which resulted in him (I. W. Smith) being declared the nominee of the Democratic party for tax collector of said county over Mattie L. Mobley.

August 17, 1928, on relation of the Attorney General an information in the nature of a *quo warranto* was filed in the Circuit Court of Pasco County, Florida, directed to I. W. Smith, commanding him to show cause why he usurped the rights, duties, and privileges of nominee of the Democratic party for the office of tax collector of said county. A demurrer and motion to quash the information were overruled and writ of *quo warranto* was issued returnable September 24, 1928.

On September 17, 1928, petitionee, I. W. Smith, filed his petition in this court praying for a writ of prohibition against Fred H. Davis as Attorney General and John U. Bird as Judge of the Circuit Court of Pasco County, prohibiting them from either prosecuting or entertaining jurisdiction of said cause. Writ of prohibition was issued in accordance with the prayer of said petition returnable September 25, 1928, and the cause now comes on to be heard on demurrer and motion to quash the said writ.

In essence, the sole question presented here for our consideration may be stated as follows: Can one's claim or right as nominee of the Democratic party for the office

of tax collector of any county in this State be tested by *quo warranto?*

The rule is well settled in this State that *quo warranto* does not lie except to test the right of a person to hold an office or franchise or exercise some right or privilege the peculiar powers of which are derived from the State. State, ex rel. Merrill v. Gerow, 79 Fla. 804, 85 So. R. 144; State, ex rel. Moody v. Bryan, 50 Fla. 293, 39 So. R. 929; Ferris Extraordinary Legal Remedies, p. 169, Sec. 146; High Extraordinary Legal Remedies, 424. An office to come within the legitimate scope of the rule as thus announced contemplates possession or user of a certain portion of sovereignty for the benefit of the people. The nominee of a political party has not such responsibility and would not come within the purview of this rule.

In Sherlock v. City of Jacksonville, 17 Fla. 93, this Court held that the jurisdiction of the Supreme Court to entertain proceedings in prohibition, as conferred by the constitution of this State, is confined to the legitimate office of that writ, as defined by the common law, and a statute enlarging and changing the purposes of the writ, so as to confer a new and original jurisdiction of matters not contemplated by the constitution, will not be recognized by this Court as affecting its jurisdiction.

The power to issue writs of prohibition, *quo warranto, habeas corpus, certiorari* and *mandamus* is conferred on this Court by Sec. 5, Article 5, of the constitution and while we are not here required to and do not adjudicate the question of whether or not the Legislature can lawfully change or enlarge the scope of any of these writs it is certain that if the scope of the writ of prohibition cannot be enlarged neither can that of *quo warranto* nor any other writ named in Sec: 5, Article 5.

In State, ex rel. Merrill v. Gerow, *supra,* this Court said that the primary law has created certain rights and vested

certain persons with privileges, duties and powers which they may perform and enjoy and where these privileges and duties are usurped by another *quo warranto* will lie to protect against usurpation. This pronouncement must be construed in connection with the rule defining the scope of *quo warranto* announced therein and heretofore quoted in this opinion and also in the light of the facts of that case, which involved the rights of committeemen who were not merely nominated but were elected, one by a convention and the other by a primary. When so construed we do not think it could by inference or otherwise be considered as a holding by this Court that one's claim or right as the nominee of a political party in this State can be tested by *quo warranto*. Nominees of a political party are not public officers, even where the law regulates their selection as such, because, as nominees, they do not perform duties which affect the public as a whole. Attorney General v. Drohan, 160 Mass. 534, 48 N. E. R. 279, 61, Am. St. R. 301.

But it is contended by respondent that Sec. 416, Compiled General Laws of Florida, was designed to extend the remedy by *quo warranto* to test one's right as the nominee of a political party in this State. Sec. 416, Compiled General Laws of Florida, is as follows:

All contests of the results of primary elections shall be determined according to the law applicable to like contests over the results of a general election.

In our view Sec. 416 of the Comp. Gen. Laws of Fla. has no other effect than to make Sec. 444 of the Comp. Gen. Laws relating to contests of general elections applicable to primary elections. Sec. 444 Comp. Gen. Laws is as follows:

444. The election of any person to the office of county judge, clerk of the circuit court, sheriff, county

assessor of taxes, tax collector, county superintendent of public instruction, justice of the peace, or constable, may be contested before the circuit court of the county in which such election was held by any person claiming to be elected to such office as follows:

Such contestant shall, within twenty-five days after the canvass by the county canvassing board of the election returns of such office, file a petition in the office of the clerk of said court, and serve a copy thereof on the contestee by delivering the same to him or leaving the same at the house where he has last resided, with some person over fourteen years of age, such person being a member of the family, residing in such house or residing with such family. He shall set forth in his petition the particular grounds on which he intends to rely to establish his right to such office. The contestee shall file his answer within twenty-five days after such service of copy, and if he fail so to do the contestant may proceed in a summary way to hear and determine the matter without a jury and to give judgment therein either in or out of term. (Id. Par. 7, 8.)

Inspection of Sec. 444 Comp. Gen. Laws of Florida discloses that it provides a means for contesting the election to certain county offices including that of tax collector which remedy was under Sec. 416 of the Comp. Gen. Law extended to primary elections. In other words these two sections provide for a judicial determination of the accuracy and legality of either a primary or a general election held under the laws of this State. State v. Hassell 72 Fla. 176, 72 So. R. 651.

With reference to the subject matter of the preceding paragraph Sec. 448 Comp. Gen. Laws of Florida, provides

that nothing in the foregoing sections shall be construed to abrogate or abridge in any way any remedy that may now exist by quo warranto, but in such cases the proceeding by petition hereinbefore provided shall be taken to be an alternative or cumulative remedy. It must be observed, however, that such "alternative or cumulative remedy" extends only to contests of general elections as provided in Sec. 444 as here quoted. In this state of the record we cannot see that any provision of the primary election law has the effect of or attempts to extend the remedy by *quo warranto* beyond its common law scope even if it were competent to do so.

The main object accomplished by a primary election is the selection of candidates for the various political parties participating in it whose names shall go on the official ballot to be voted for in the general election. It is a substitute for the convention plan of nominating candidates for office, it was unknown to the common law and cannot be held or contested except in the manner provided by statute.

We therefore conclude that one's claim or right as nominee of the Democratic Party for the office of tax collector of any county in this State cannot be tested by *quo warranto*, so the motion to quash the writ of prohibition must be and is hereby overruled.

WHITFIELD, STRUM, BROWN AND BUFORD, J. J., concur.