ZELLA CLARK, PRUNTY BYRD, and J. WADE BYRD, her husband, *Appellants,* v. SOUTH FLORIDA MORTGAGE COMPANY, *as Trustee,* a Florida Corporation, Complainant, (EUGENE H. IGLEHART and RICHARD L. LOWTHER, as Receivers of J. F. Wild & Co., a banking corporation under the laws of the State of Indiana, substituted complainants), *Appellees.*
143 So. 124.
Division A.
Opinion filed July 21, 1932.

264

*Robert R. Taylor, Jr.,* and *George Campbell,* for Appellants;

*Robert M. Thomson,* for Appellees.

ELLIS, J.—South Florida Mortgage Company, a corporation, as Trustee, exhibited its bill in the Circuit Court for Dade County against Zella Clark, Prunty Byrd and her husband, J. Wade Byrd, to enforce a mortgage lien upon certain lands in Dade County. Copies of the notes, interest coupons, and mortgage executed by the Byrds were attached to the bill and by appropriate words made part of it. The bill was filed February 11, 1928.

On April 6, 1928, Eugene H. Iglehart and Richard L. Lowther, as Receivers of J. F. Wild & Company, a State Bank organized under the laws of the State of Indiana, interposed their petition to be substituted as parties complainant in place of the South Florida Mortgage Company and for permission to file a supplemental bill, averring in the petition that the complainant had "sold, assigned and transferred" to the petitioners all the right, title and interest in and to the mortgage indebtedness and that they were the owners and holders of the notes and mortgage sought to be foreclosed.

The petition was granted by order dated September 18, 1928. Upon the same day Iglehart and Lowther, as Receivers of J. F. Wild & Company, filed the supplemental bill. The bill alleged that the South Florida Mortgage Company, as Trustee, "has sold, assigned and transferred all the right, title and interest of said complainant in and to the said mortgage indebtedness and in and to the said Mortgage Deed by an Assignment of Mortgage dated the 3rd day of March, A. D. 1928, which

Assignment of Mortgage was filed for record in the office of the Clerk of the Circuit Court'' a few days later. The prayer was for the same relief as prayed for in the original bill.

The defendants demurred to the supplemental bill the following month. The ground of the demurrer was that the bill did not allege in what court or what jurisdiction the substituted complainants were appointed Receivers of J. F. Wild & Company, nor that they had been authorized by the court appointing them to substitute themselves as Receivers for the original complainant, nor that they were authorized to maintain the litigation, nor that as such Receivers they had authority to acquire the notes and mortgage.

The demurrer was overruled and a few days afterwards the defendants .appealed from the ·order.

It is contended by appellants that as the Receivers were maintaining the suit by special authority they were required to duly allege and set forth their authority in the pleadings in issuable form. That contention is not well founded because the Receivers are not maintaining the suit by special authority as Receivers of a foreign corporation appointed by a court in a foreign jurisdiction. On the contrary, they assert their right to maintain the suit as the assignees of the notes and mortgage in whom the title vests. They claim under substantive law as the assignees of the property.

In the case of Richardson et al. v. South Florida Mortgage Co., 102 Fla. 313, 136 South. Rep. 393, where the question was whether the right of a receiver to sue in a foreign jurisdiction should be conceded upon principles of comity, we held that the action of the court in entertaining the petition of the receivers to be substituted as parties complainant in place of the South Florida Mortgage Company and the order allowing the substi-

tution would be regarded as the exercise of a sound judicial discretion in the cause and a determination of the non-existence of creditors with rights to be prejudiced by the removal from this jurisdiction of the money which may be collected.

In that case the receivers claimed the right to maintain the suit as receivers, appointed by an Indiana Probate Court, of the defunct banking corporation of that State in whom it w,as shown the title to the property vested. It also appeared that the mortgage had been assigned to them as receivers. Upon this point the court said: ''Whether the receiver claims a right to sue under substantive law as the assignee of the property or in whom the title vests, or whether the right to sue is asserted under his powers as a mere court officer,'' the court to whom the application is made for leave to sue may grant the authority on the grounds of comity.

As the allegation is clear that the Receivers claim the right to sue under an assignment to them from the South Florida Mortgage Company and no question of comity is involved the point made by appellants is not well taken. It does not matter what their powers may be as Receivers so long as they claim the property and therefore the right to maintain the action under an assignment to them. The allegation in that particular was sufficient. The order overruling the demurrer was without error, so the same is affirmed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.