STATE ex rel. WALTER PAGE v. D. S. DANNELLY

190 So. 593

Division A

Opinion Filed July. 18, 1939

*W. C. Hodges* and *Clyde W. Atkinson,* for Relator;
*William Blount Myers,* for Respondent.

THOMAS, J.—Relator claimed that respondent was usurping the office of committeeman for precinct numbered one in Wakulla County' and upon his application writ of quo warranto was issued by this Court commanding respondent to show by what authority he held the position.

The writ recited the averments of the petition that the results of the primary were certified by the inspectors and clerk, who served at the primary election, to the Supervisor of Registration and the County Judge; that the Canvassing Board canvassed the absentee ballots and the votes shown in the return; that relator appeared to have received sixty-nine votes and respondent ninety-one.

Charges were included that twenty ballots actually cast for relator were credited to respondent; that of thirty-three absentee ballots twenty-three were deposited for relator and not more than ten for respondent; that one of the inspectors kept the ballot box in his possession the night following the election and in the interim between the closing of the polls and the canvass the box was opened and spurious ballots were substituted for the genuine ones so that relator eventually received but three votes from absentees while respondent garnered thirty.

Affidavits of twenty persons, swearing that they were qualified and had participated by voting for relator, were appended to the petition.

The return denied, in the main, the allegations of the in-

formation and averred that the questioned ballots were marked by relator or his near relative.

An order was entered appointing Honorable A. L. Porter commissioner to take and report the testimony on the issues thus formed and in obedience thereto the report has been filed. The allegations of relator have, in our opinion, been substantiated and it has been well established that relator did in fact receive a majority of votes cast for the post he sought.

The question to be decided is: can the right to position of precinct committeeman be determined in quo warranto?

We have held that it is the proper remedy to adjudicate the right to municipal office, Swoope v. City of New Smyrna, 98 Fla. 1082, 125 South. Rep. 371, and City of Sanford v. State, 73 Fla. 69, 75 South Rep. 619; also to office in a private corporation, Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 South. Rep. 473. The propriety of the writ to determine the right of a nominee of a political party was discussed in the cases of *Ex Parte* Smith, 96 Fla. 512, 118 South. Rep. 306, and State *ex rel* Watkins v. Fernandez, 106 Fla. 779, 143 South. Rep. 638. Applying the rule enunciated in either of these cases, in the most restricted sense, it is apparent that relator here may resort to the remedy of quo warranto to test the right of his adversary to the position in the party for which he claims to have been selected.

From the law, as it has been established by the decisions of this Court, and from the facts which we have given briefly, we reach the conclusion that the writ should be absolute, and it is so ordered.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.