### BAILLIE v. WALKER.

No. 68-5646.

Circuit Court, Dade County.

April 16, 1968.

114

Dan Chappell, Miami, for plaintiff.

Darrey A. Davis of Scott, McCarthy, Steel, Hector & Davis, Miami, for defendant.

DAVID POPPER, Circuit Judge.

This cause came on to be heard upon defendant's motion to dismiss plaintiff's petition for injunction for failure to state a cause of action, or in the alternative to dismiss or abate the cause for lack of jurisdiction over the subject matter. The court has heard arguments of counsel for the respective parties, and being duly advised in the premises, finds as follows —

This is a suit of an equitable nature. By his petition for injunction, plaintiff alleges that defendant is not qualified to hold the office of councilman of the town of Medley, to which defendant was elected, because he has not resided continuously in the town of Medley for at least six months next preceding the municipal election held on April 2, 1968, as required by the provisions of the charter of the town of Medley. Plaintiff claims defendant was illegally and unlawfully elected to the office of councilman of the town of Medley, and seeks injunctive relief against defendant holding such public office. Plaintiff seeks a determination that he is the rightful owner and occupant of such public office, by reason of the disqualification of defendant.

Quo warranto, or a proceeding in the nature thereof, provides an appropriate and adequate remedy to determine the right of an individual to hold a public office, including a municipal office. See §80.01, Florida Statutes. The generally accepted and recognized rule is that, in the absence of statutory provisions to the contrary, quo warranto proceedings constitute the sole and exclusive method of determining the right to hold and exercise a public office; and when the remedy by quo warranto is available, there is no concurrent remedy in equity, or otherwise. McSween v. State Live Stock Sanitary Board of Florida. 97 Fla. 749, 122 So. 239, 65 ALR 508; City of Sanford v. State, 73 Fla. 69, 75 So. 619; State ex rel. Page v. Dannelly, 139 Fla. 320, 190 So. 593; Winter v. Mack, 142 Fla. 1, 194 So. 225; State ex rel. Booth v. Byington, 168 So.2d 164 (1st D.C.A. Fla.

1964) ; 74 C.J.S., *Quo Warranto,* §4, page 179; and 44 Am. Jur., *Quo Warranto,* §8, page 94.

Although the 1967 revision of the Florida Rules of Civil Procedure consolidates law and chancery procedure by providing that there shall be one form of action to be known as a "civil action", yet Rule 1.670 expressly preserves and maintains the procedural requirements governing quo warranto proceedings. The scope and nature of the remedy available by quo warranto proceedings remains unchanged and in full force and effect.

Accordingly, it is ordered and adjudged that — (1) The plaintiff's petition for injunction is dismissed and this cause is dismissed and abated, at the cost of plaintiff, without prejudice to the right of plaintiff to institute appropriate quo warranto proceedings. (2) The injunctive order entered herein on April 8, 1968, is vacated, cancelled and rendered null and void in the same manner as though such order had never been entered. (3) The injunction bond ordered to be posted by plaintiff is cancelled.