453 So.2d 1143 (1984)
BELLE ISLAND INVESTMENT CO., LTD. and Gilbride, Heller & Brown, P.A., Appellants,
v.
Laurence FEINGOLD, as Receiver of Belle Island Investment, Ltd., Appellee.
No. 83-1470.
District Court of Appeal of Florida, Third District.
July 10, 1984.
Rehearing Denied August 31, 1984.
*1144 Gilbride, Heller & Brown and William S. Weisman, Miami, for appellants.
Lapidus & Stettin and Richard Lapidus, Miami, for appellee.
Before NESBITT and JORGENSON, JJ., and FERRIS, JOHN G., Associate Judge.
NESBITT, Judge.
Belle Island Investment Co., Ltd. (Belle Island) and Gilbride, Heller & Brown, P.A. (Gilbride) appeal a final judgment of ouster. The judgment prohibited both the maintenance of a lawsuit against Laurence Feingold, as receiver for Belle Island, and acts inconsistent with the receiver's rights and privileges.
The case presents three issues for resolution: (1) whether a private foreign receiver has standing to sue in the courts of this state; (2) whether the circuit court was correct in extending comity to the laws and judicial acts of St. Vincent and the Grenadines; and (3) whether quo warranto is appropriate to test a private foreign corporation's exercise of its corporate franchise.
Belle Island is incorporated in St. Vincent and the Grenadines, an independent state within the British Commonwealth. On September 4, 1981, Belle Island delivered its debenture in the amount of $500,000 to Caribbean and Overseas Trust Bank Ltd., (CO ), another St. Vincent corporation. The debenture is important in two respects. First, it is a secured obligation in that it gives CO a floating charge on Belle Island's assets, which include real property located in Dade County. Second, the agreement gave the bank the right to appoint a receiver for Belle Island in the event of default.[1]
On default, and pursuant to the debenture, CO, on March 11, 1983, appointed Feingold as receiver of Belle Island. Belle Island received notice of the appointment through its registered representative in St. Vincent, Stanley John, but has chosen not to challenge the appointment in a St. Vincent court.
In early April 1983, Stanley John was served with legal process in St. Vincent which indicated that Feingold, as receiver for Belle Island, was seeking an injunction in the St. Vincent courts, which would prevent Belle Island and its officers from dealing in any way "with the assets of Belle Island Investment Limited wherever situated." Although Mr. John was Belle Island's registered representative in St. Vincent, he failed to notify it of the litigation. On *1145 April 12, 1983, upon the receiver's undertaking to pay any damages which might result to Belle Island from issuance of the injunction, a St. Vincent court granted the receiver's request for injunctive relief, which Belle Island has not challenged in any St. Vincent court.
On April 21, 1983, Belle Island filed suit in Dade County against Feingold and others seeking to quiet title to its Dade County realty and seeking damages for slander of title, abuse of process and malicious prosecution. On May 4, 1983, Feingold filed this petition for writ of quo warranto, which resulted in the final judgment that is the subject of this appeal.
The first issue we address is whether a privately appointed foreign receiver has standing to sue in Florida courts. The modern rule in Florida appears to be that foreign receivers, as a matter of comity, are extended the privilege of suing in Florida courts, unless such a suit is adverse to the interests of local creditors or contrary to the policy of the state. Richardson v. South Florida Mortgage Co., 102 Fla. 313, 136 So. 393, 396 (1931). No Florida case has addressed the question of whether a privately appointed foreign receiver comes within that rule. Apparently, the only case to address the issue is Clarkson Co. v. Rockwell International Corp., 441 F. Supp. 792, 796 (N.D. Cal. 1977), where it was held that a private receiver is covered by the rule. The reasoning of that case was that while the receiver is privately appointed, he asserts a status created by the laws of another jurisdiction and, therefore, his recognition is a matter of comity. We agree with that decision and see no reason why the rule should not apply so long as the creditors and policies of the forum state are protected. Since there is no evidence of any local creditors and since the receiver's suit does not contravene any public policy, allowing him standing to sue was proper.
Belle Island next contends that the lower court erred, as a matter of comity, in recognizing both Feingold's appointment as receiver and the St. Vincent injunction. In Florida, the rules of comity may not be departed from except to protect the citizens of our state or some paramount public policy. Beverly Beach Properties v. Nelson, 68 So.2d 604, 609 (Fla. 1953), cert. denied, 348 U.S. 816, 75 S.Ct. 27, 99 L.Ed. 643 (1954). We disagree with Belle Island's contention that the appointment of Feingold and the issuance of the St. Vincent injunction violated our concepts of due process.
First, while privately appointed receivers are unknown in American law, their appointment, pursuant to a contract freely negotiated by two corporate entities under the law of their jurisdiction, is not so shocking to our sensibilities as to violate due process. Simply because the law of St. Vincent is different from ours, and apparently more favorable to creditors, does not make it so pernicious as to defeat comity. Hunt v. BP Exploration Co. (Libya), 492 F. Supp. 885, 900 (N.D.Tex. 1980); Toronto-Dominion Bank v. Hall, 367 F. Supp. 1009, 1016 (E.D.Ark. 1973). Note, Foreign National Judgments: Recognition and Enforcement of Foreign Judgments in Florida and the Status of Florida Judgments Abroad, 31 U.Fla.L.Rev. 588, 618 (1979). Second, Belle Island has chosen not to challenge the appointment of the receiver in a St. Vincent court, which option it apparently has.
As to the injunction, we reject Belle Island's contention that it did not receive notice. Stanley John, Belle Island's registered representative in St. Vincent, was notified of the proceedings. Belle Island cannot be heard to complain that its own registered representative failed to inform it of the impending suit.
While it is true that Feingold was not required to post a bond in the St. Vincent court, as he would have been under Florida Rule of Civil Procedure 1.160, he did follow the customary British practice of giving his undertaking that he would pay Belle Island any damages which the St. Vincent court determined it suffered as a result of the injunction. Such an undertaking is apparently *1146 sufficient security for members of the British Commonwealth and we will respect that honorable tradition. Further, as with the receiver's appointment, Belle Island has chosen not to enter the courts of St. Vincent to attempt to discharge the injunction, although the order allowed for such an action.
Belle Island also attacks the trial court's use of a writ of quo warranto, asserting that its use is inappropriate against a private foreign corporation which has neither usurped any privileges or franchises granted by the State of Florida nor violated any Florida laws. We disagree.
Quo warranto is a remedial writ and its use may be extended to new situations on a proper showing. State ex rel. Pooser v. Wester, 126 Fla. 49, 170 So. 736 (1936). The writ has traditionally been used to test the right of persons to exercise some right or privilege which derives from the state. Ex parte Smith, 96 Fla. 512, 118 So. 306 (1928). While it is true that Belle Island exercises no franchise or privilege granted by the State of Florida, it exists only by a grant of authority from St. Vincent and the Grenadines. Therefore, once we determine that it is appropriate, as a matter of comity, to recognize the law and judicial acts of St. Vincent, it follows logically that quo warranto should lie to test Belle Island's authority to act when the jurisdiction of incorporation has restricted that authority, as here.[2]
Since we find that the trial court committed no error, we affirm.
NOTES
[1] Both the debenture as a secured obligation and the appointment of private receivers are aspects of British law unknown in this country. Griffiths v. Secretary of State for Social Service, [1973] 3 All E.R. 1184.
[2] While it might be argued that Feingold could have prevented the quiet title suit by defending it with a motion to dismiss, see Fleeger v. Clarkson Co., 86 F.R.D. 388 (N.D.Tex. 1980), such a procedural maneuver would not afford him the full remedy he obtained by the judgment of ouster which included a prohibition of acts inconsistent with the rights of the receiver.