575 So.2d 262 (1991)
METROPOLITAN INVESTMENT CORP., Appellant,
v.
David Julian BUCHLER and Ian Peter Phillips, As Administrators of Havelet Leasing, Ltd., Etc., Appellees.
No. 90-2384.
District Court of Appeal of Florida, Third District.
February 12, 1991.
Rehearing Denied March 21, 1991.
*263 Weil, Lucio, Mandler & Croland, and Ronald P. Weil and Alan P. Dagen, Miami, for appellant.
Steel Hector & Davis, and Frank Scruggs, Cecilia F. Renn and Jonathan Sjostrom, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
COPE, Judge.
Metropolitan Investment Corporation appeals a non-final order denying its motion to dissolve a temporary injunction. We affirm.
Appellees David Buchler and Ian Phillips, English chartered accountants, were jointly appointed receivers of Havelet Leasing, Ltd., by England's High Court of Justice. Subsequently, they were designated administrators of Havelet under the English Insolvency Act of 1986. The latter appointment carried with it expanded powers under the Act.
Havelet has a wholly owned subsidiary, Eskdale, Inc., a Delaware corporation. Eskdale is also a party to the English insolvency proceedings. Eskdale owns a jetliner which it holds for Havelet's benefit under a declaration of trust. Eskdale leased the airliner to Metropolitan, which in turn subleased the airliner to Lineas Aereas Costaricenses, S.A. ("LACSA"), the Costa Rican airline. Under the terms of the transaction, monthly lease payments were to be paid by LACSA to Metropolitan, which would deduct its commission and forward the balance to Eskdale.
During the English insolvency proceedings, Eskdale gave an undertaking to the court that it would direct Metropolitan to forward the lease payments directly to the administrators, rather than to Eskdale. Metropolitan refused to comply and simply held LACSA's lease payments in a Miami bank account without forwarding the net amounts either to Eskdale or the administrators.
The administrators brought an action for declaratory and injunctive relief, joining Metropolitan as a defendant along with International Bank of Miami, which held the LACSA payments. International Bank is a stakeholder in this litigation.
After notice, the trial court entered a temporary injunction directing Metropolitan and the bank to forward the LACSA payments (less commission) to the administrators. Thereafter, Metropolitan moved to dissolve the temporary injunction. The trial court denied the motion and Metropolitan has appealed.
Metropolitan first contends that the trial court should not have extended comity to the English receivership and administratorship orders. To the contrary, the courts of this jurisdiction may extend comity to foreign receivership and insolvency proceedings. See Belle Island Investment Co., Ltd. v. Feingold, 453 So.2d 1143 (Fla. 3d DCA), cause dismissed, 459 So.2d 1039 (Fla. 1984); see also Cardenas v. Solis, 570 So.2d 996 (Fla. 3d DCA 1990).
Metropolitan next contends that the proceeding below violates the due process clauses of the Florida and United States Constitutions because the English court failed to join Metropolitan in the English proceedings. That contention is utterly without merit. Florida permits a foreign receiver to bring an action in a Florida court. See, e.g., Belle Island Investment Co., 453 So.2d at 1145; see also Byrd v. South Florida Mortgage Co., 106 Fla. 263, 143 So. 124 (1932); Richardson v. South Florida Mortgage Co., 102 Fla. 313, 136 *264 So. 393 (1931). The Florida action is ancillary to the English insolvency proceedings. The substantive claim against Metropolitan is advanced in the Florida court, and Metropolitan has had notice and an opportunity to be heard therein.
Metropolitan next contends that it was an abuse of discretion for the trial court to enter an injunction. To the contrary, Metropolitan was wrongfully withholding specific funds received from LACSA which it was obliged to remit to the administrators. There was both an existing fund and an ongoing stream of monthly payments. Metropolitan has not advanced any claim of right whatsoever under which it was entitled to cease payments and withhold the LACSA funds. No abuse of discretion has been shown in entering injunctive relief. See Bailey v. Christo, 453 So.2d 1134 (Fla. 1st DCA 1984), review denied, 461 So.2d 113 (Fla. 1985).
Metropolitan next contends that the administrators have failed to join an indispensable party, Eskdale, in the Florida action. Eskdale is already a party to the English insolvency proceedings. The English court has already made a determination of the right of the administrators to receive the lease proceeds, and Eskdale has instructed Metropolitan accordingly. In the circumstances, it was not necessary to join Eskdale as a party in the Florida action.
Affirmed.