FRANK, Chief Judge.
J. Thomas Turner appeals from a final judgment permanently enjoining him from enforcing his foreign judgment in Florida. The trial court erred.
On March 21, 1990, the Tennessee chancery court entered a money judgment adverse to John Temple and in favor of Thomas Turner in an action to enforce a material-men’s lien. No appeal was taken from that judgment. On October 17, 1990, Turner recorded his Tennessee judgment in Florida in accordance with section 55.501-.509, Florida Statutes (1989), Florida’s Enforcement of Foreign Judgments Act. Temple challenged domestication of the foreign judgment by filing the present action contesting the jurisdiction of the Tennessee court and the validity of the foreign judgment. Despite its initial inclination to rule in Turner’s favor, the trial court doubted the enforceability of a money judgment issuing from a Tennessee court of chancery and, ultimately, disallowed its domestication. Turner moved for rehearing and attached to the motion a subsequent order of the Tennessee court altering and clarifying the foreign judgment: “[T]he Court’s final judgment ... is a money judgment in favor of the plaintiff, J. Thomas Turner, against the defendant, John W. Temple, Jr., in the amount set forth in the Court’s order for which execution shall issue.” When the motion for rehearing was denied, Turner appealed.
It is evident the trial court questioned the finality of the foreign judgment and whether the chancery court, as a court of equity, had jurisdiction to enter monetary relief. We are confined to the law of the foreign state in assessing both of those concerns. Trauger v. AJ. Spagnol Lumber Co., 442 So.2d 182 (Fla.1983); Hinchee v. Golden *102 Oak Bank, 540 So.2d 262 (Fla.2d DCA 1989). In Tennessee, with limited exceptions not applicable here, the chancery court shares with the circuit court jurisdiction of “all civil causes of action.” Tenn.Code Ann. § 16 — 11— 102 (1989). Tennessee law also provides that execution upon a decree entered in chancery shall issue as a matter of course thirty days from rendition without the necessity of a subsequent decree ordering enforcement. See Tenn.Code Ann. § 26-1-102 (1989); Hyder v. Butler, 108 Tenn. 289, 52 S.W. 876 (1899) (“The judgment or decree is in and of itself an award of execution”). Accordingly, in light of the Tennessee chancellor’s concurrent jurisdiction to issue monetary and equitable relief and that court’s subsequent order affirming the finality of the initial decree, we conclude that Turner’s Tennessee judgment was entitled to full faith and credit in the Florida proceeding.
Reversed.
RYDER and HALL, JJ., concur.