SALTER, J.
Trans Healthcare, Inc. (THI), appeals a 2013 circuit court order determining that the court has continuing jurisdiction over *1114 the case and parties. The case began in 2009, when a Maryland court’s order appointing a receiver for THI was “domesticated” in the circuit court in Miami. Finding that the appellees properly invoked the trial court’s jurisdiction over the parties and subject matter under Florida Rule of Civil Procedure Rules 1.540(b)(4) and (5), we affirm.[1]

The Maryland Receivership

The Miami circuit court case began in February 2009 as an action by THI, a Delaware corporation based in Maryland, to obtain Florida recognition for an order appointing a receiver for THI. The order appointing the receiver had been entered about a month earlier by a Maryland circuit court in Baltimore. Based on THI’s invocation of the Florida Enforcement of Foreign Judgments Act, section 55.501-.509, Fla. Stat. (2009), the Florida court entered an order in July 2009 granting recognition and “full faith and credit to the order appointing receiver except that the determination of a stay shall be left to the discretion of each court in the pending actions. The Court has reviewed the Maryland order and sees no claims bar date.”
The six defendants in THI’s Florida case to obtain recognition of the Maryland receivership order were Florida plaintiffs who had sued THI and affiliates in Ala-chua, Pinellas, and Polk Counties for injuries and wrongful death. We refer to those six Florida plaintiffs in the other lawsuits, defendants here, collectively as the “Estates,” and they are the appellees in the present case.[2]
The Estates did not contest the validity of the Maryland order in the recognition case as permitted by section 55.509, Florida Statutes (2009). See, e.g., Cadle Co. v. Jay, 907 So.2d 684, 636-37 (Fla. 3d DCA 2005). Nor did the Estates appeal the Florida recognition order after it was entered in 2009. Initially, the THI receiver appeared on behalf of THI to defend the various Florida lawsuits brought by the Estates. However, when the THI receiver determined that the available assets of the receivership were barely sufficient to pay the cost of defending the lawsuits in Florida and elsewhere, the receiver abandoned the defense of those proceedings. The Estates suing THI ultimately recovered “empty chair” jury verdicts and Florida judgments collectively exceeding a billion dollars, but allegedly did not file timely claims in the Maryland receivership case. So far as the record reflects here, the Estates have not obtained any subsequent order in the Maryland receivership discharging the receiver, modifying the claims bar date, or addressing the receiver’s authority to commence an ancillary receivership in Florida.[3]
In 2011, the Estates moved in the Miami case to vacate the “domesticated” 2009 Maryland order appointing the receiver. The Estates claimed that: THI misled the Miami circuit court in domesticating the order; the Maryland order appointing the receiver was void for lack of subject mat *1115 ter jurisdiction; and the Maryland order was obtained ex parte, without proper notice to unsecured creditors (including the Estates). In a 2013 supplement to that motion, the Estates further alleged that the receiver “has used the domestication order as a tool to actively defeat and oppose the claims of the Estates in various state and federal courts throughout the State, for the purpose of avoiding liability and payment of debts to lawful creditors and litigants, including the Estates.” The Estates asked the Miami circuit court to dismiss the domestication action, vacate the 2009 domestication order, revoke the authority of the Maryland receiver to appear in Florida courts, and declare the receiver’s actions in Florida to be void ab initio.
Following a hearing in 2013, the circuit court in Miami overruled THI’s objection that it lacked jurisdiction to address the Estates’ motion and supplement, but did not explicitly grant or deny the relief sought by them. The court noted a concern regarding the representations made at the time of the 2009 domestication order, “in view of subsequent actions” taken by the THI receiver. The court held that it had “continuing jurisdiction over the matter, and will hear additional matters as they present themselves and will enter orders on those matters.” This appeal by THI followed.

Analysis

The parties are on common ground that our review of the jurisdictional, procedural, and substantive legal issues relating to the 2013 Florida order is de novo. We agree. Van Poyck v. State, 961 So.2d 220, 224 (Fla.2007) (pure questions of law discernible from the record are governed by the de novo standard of review).
THI argues initially that we have jurisdiction to review the 2013 Florida order under Florida Rule of Appellate Procedure 9.130(a)(4), sometimes referred to as the “non-final after final” provision, and that the circuit court erred by concluding that it has continuing jurisdiction over the issues and parties. THI maintains that the 2009 order domesticating the Maryland court order appointing a receiver for THI was a final judgment which was not appealed and did not create an “ancillary receivership” in Florida.
The Estates argue that the 2009 Florida “full faith and credit” order was a non-final order — because it established only the capacity of the Maryland receiver, but granted no relief to him — with the result that we have no jurisdiction to review the Florida court’s 2013 order. The Estates maintain, in the alternative, either that THI itself lacked standing to appear in Florida litigation (by virtue of the fact that the receiver was granted exclusive authority to prosecute and defend lawsuits involving THI), or that the legal effect of the 2009 order was to open an ancillary receivership in Florida, in which THI could sue and be sued. The Estates point to THI’s commencement, through its receiver appointed by the Maryland court, of a petition for certiorari in the District Court of Appeal of Florida, Second District, and to this Court’s opinion in Belle Island Investment Co., Ltd. v. Feingold, 453 So.2d 1143 (Fla. 3d DCA 1984) (recognizing the appointment of a receiver appointed in a foreign country, and permitting the enforcement in Florida of an injunction obtained in the foreign country by that receiver).
I. Domestication, Comity, and Ancillary Receivership
The circuit court case in Florida began on the wrong foot-a misstep by THI, not the court. The order appointing the receiver in Maryland was not a final judgment, order, or decree entitled to “full faith and credit,” “domestication,” or “rec *1116 ognition.” However, the order of another state appointing a receiver to preserve and protect the assets, liabilities, and operations of a corporation may be given effect in Florida — with respect to Florida assets, liabilities, and operations — as a matter of comity or under Florida’s business corporations law.
Under Article IV, section 1 of the Constitution of the United States, the Maryland order was not entitled to full faith and credit in Florida. “Full faith and credit” and “domestication” of a judgment entered by a court in another state is available in the case of a final judgment, not an interlocutory order. Baker v. General Motors Corp., 522 U.S. 222, 118 S.Ct. 657, 189 L.Ed.2d 580 (1998); Joannou v. Corsini, 543 So.2d 308, 310 (Fla. 4th DCA 1989). Finality, for this purpose, is determined under the laws of the other state. Turner v. Temple, 625 So.2d 101 (Fla. 2d DCA 1993).
The Florida Enforcement of Foreign Judgments Act establishes the procedure for the recognition of “foreign judgments,” defined as “any judgment, decree, or order of a court of any other state or of the United States if such judgment, decree, or order is entitled to full faith and credit in this state.” § 55.502(1), Fla. Stat. (2009). The use of the terms “decree” and “order” in that definition does not eliminate the constitutional requirement for finality.
In the case of the 2009 Maryland receivership order, the order established the receiver’s authority, but did not adjudicate any specific claim by or against the receiver. The order was not a “final” order as a matter of Maryland law. Md. Code, Courts <& Jud. Proc. Art. § 12-303(3)(iv). As a result, the 2009 order of appointment was not entitled to “full faith and credit” for purposes of the Florida Enforcement of Foreign Judgments Act.
There were, however, three procedures available to the Maryland receiver regarding Florida assets and liabilities. First, the receiver could have filed an independent action to recover assets, obtain declaratory relief, or otherwise proceed in Florida on behalf of the out-of-state corporation for which he or she acted. Under the doctrine of comity between states, the Florida court ordinarily gives effect to the out-of-state order. Farley v. Farley, 790 So.2d 574, 575 (Fla. 4th DCA 2001); Metro. Inv. Corp. v. Buchler, 575 So.2d 262 (Fla. 3d DCA 1991). See generally, Nahar v. Nahar, 656 So.2d 225 (Fla. 3d DCA 1995). Second, the receiver could have followed the same procedure regarding the pending lawsuits, moving to intervene or to be substituted for the foreign corporation in receivership, again asking the Florida courts in Alachua, Pinellas, and Polk Counties to give effect to the receivership order as a matter of comity.
Third, the receiver could have invoked the statutory “ancillary receivership” provision available under the Florida Business Corporation Act, section 607.1432(6), Fla. Stat. (2009). None of these options required, and the receiver was not entitled to, “full faith and credit” as to every aspect of the Maryland order under the Florida Enforcement of Foreign Judgments Act. Nor does the record explain why an action would be brought in Miami (by a receiver from Maryland), where there were no apparent assets or liabilities involving THI. Nonetheless, these shortcomings were not raised by the Estates in 2009, nor was there an appeal from the “full faith and credit” order.[4]
*1117 II. The Florida Court’s 2013 Order
In the present case, the Maryland order of appointment was not before the Miami-Dade circuit court again until the Estates moved to vacate the appointment order and for other relief. In substance, that motion should be treated as a motion for relief from the recognition order under Florida Rule of Civil Procedure 1.540(b)(4) or (5). The problem, however, is that the Florida court could not address the substantive issues raised by the Estates, all of which are directed at (a) the propriety of the receivership order in Maryland entered by the court in Baltimore and (b) the validity of actions taken by the Maryland receiver in the Maryland proceeding as well as the Estates’ lawsuits in Alachua, Pinellas, and Polk Counties.
As a result, the Miami circuit court temporized. It overruled an objection to its jurisdiction (because in a proper case, and following a further order by the Maryland court regarding the receivership, there might be jurisdiction in Florida to give effect to that further order as a matter of comity). The court neither granted nor denied the relief sought by the Estates, since no relief was sought in furtherance of the Maryland order in the Miami-Dade circuit court. No error has been shown by THI regarding the Florida circuit court’s 2013 conclusion that it has continuing jurisdiction over the parties and issues inherent in the 2009 order appointing receiver, and regarding that court’s refusal to vacate or modify the Maryland order on the basis of the record before it.
We also reject the Estates’ argument that the Florida recognition order created an ancillary receivership here. The Florida circuit court did not independently consider any alleged basis for the appointment of a receiver; did not itself appoint a receiver; did not specify the scope of the receivership; and did not require a bond, inventory, or periodic receivership reports. See Fla. R. Civ. P. 1.620. The Miami court recognized the Maryland order as a matter of comity, but did not address the appointment and authority of an ancillary receiver for THI in Florida.
Affirmed.

. THI previously petitioned for a writ of prohibition to quash the order in question on the grounds that the trial court lacked any continuing jurisdiction over the parties and subject matter; Trans Healthcare, Inc. v. Creekmore, 122 So.3d 378 (Fla. 3d DCA 2013). That petition was denied.

. Additional background regarding the Estates and the THI receiver are detailed in In re Fundamental Long Term Care, Inc., 500 B.R. 140 (Bankr.M.D.Fla.2013).

.The Estates allege that the Maryland court has before it a 2011 motion to vacate the THI receivership order and to declare all actions taken pursuant to that order void ab initio. In the absence of an order granting such relief, the Florida circuit court did not rule on those issues.

. Had the Maryland court's 2009 interlocutory receivership order been accorded comity rather than full faith and credit, it would seem to have been an appealable non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(D) (as an order granting or *1117 denying the appointment of a receiver, or terminating or refusing to terminate a receivership), although that classification is not free from doubt. Because that is not directly presented in the present case, we do not consider or decide that point.